United States District Court
Southern District of Texas
ENTERED
August 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DEBORAH W.,[1]<br><br>*Plaintiff,*<br><br>v.<br><br>FRANK BISIGNANO,<br>Acting Commissioner of Social Security,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:25-cv-3435 |

**MEMORANDUM AND ORDER**

Plaintiff Deborah W. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act").[2] The parties filed cross motions for summary judgment. Pl.'s MSJ, ECF No. 8; Def.'s MSJ, ECF No. 13. Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the ALJ's RFC

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 11.

determination is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of Nurse Practitioner Keyana Collins. Pl.'s Brief, ECF No. 9. Commissioner counters that the ALJ's RFC determination is supported by substantial evidence. ECF No. 13. Based on the briefing, the record, and the applicable law, the Court finds that the ALJ appropriately assessed the record's medical opinions in determining Plaintiff's RFC. Thus, Commissioner's motion for summary judgment is granted, Plaintiff's motion for summary judgment is denied, and the ALJ's decision is affirmed.

## I. BACKGROUND

Plaintiff is 65 years old, R. 68[3] and earned her high school diploma. R. 50. Plaintiff worked as a collection clerk. R. 83, 90. Plaintiff alleges a disability onset date of October 18, 2021. R. 68, 78. Plaintiff claims she suffers from physical impairments. R. 68, 78.

On October 29, 2021, Plaintiff filed her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. R. 216–21, 222–31. Plaintiff based[4] her application on "(COPD) - Chronic

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 4.

[4] For Plaintiff's disability insurance benefits, the relevant time period is October 18, 2021—Plaintiff's alleged onset date—through December 31, 2025—Plaintiff's last insured date. R. 27. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

Bronchitis, Osteoarthritis B Knees, Back." R. 68, 78. The Commissioner denied Plaintiff's claim initially, R. 62–77, and on reconsideration. R. 78–91.

A hearing was held before an Administrative Law Judge ("ALJ"). R. 46–61. An attorney represented Plaintiff at the hearing. Plaintiff and a vocational expert ("VE") testified at the hearing. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 22–43. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 9–14.

Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

## II. STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 37. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured. R. 27 (citing 20 C.F.R. § 404.1571 *et seq*., § 416.971 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; osteoarthritis of bilateral knee; and chronic obstructive pulmonary disease (COPD)/bronchitis. R. 28 (citing 20 C.F.R. §§ 404.1520 (c), 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 31 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except the claimant can occasionally climb ladders, ropes, and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can frequently balance, stoop, and crouch but is limited to occasional kneeling and crawling. The claimant's walking must be on smooth, even surfaces. The claimant can work with exposure to dusts, gases, and fumes, which is at or below the levels found in typical home, retail, restaurants, and office environments. R. 31. At step four, the ALJ determined that through the date last insured, Plaintiff was able to perform her past relevant work as a collection clerk. R. 36 (citing 20 C.F.R. §§ 404.1565, 416.965). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 37.

party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de*

*novo*, or substitute its judgment for that of Commissioner, even if the evidence preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III. DISABILITY INSURANCE BENEFITS AND SUPPLEMENTAL SECURITY INCOME UNDER THE ACT.

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. The Act also permits Supplemental Security Income ("SSI") payments to the aged, blind, and disabled to assure that their income does not fall below the poverty line. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.110. Although these programs are distinct,

applicants must prove "disability" under both sections. *See* 42 U.S.C. § 423(d)(1)(A) (disability insurance); 42 U.S.C. § 1382c(a)(3)(A) (SSI). Both sections define disability using virtually the same language. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (using "unable" rather than "inability"). A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)). "The law and regulations governing the determination of disability are the same for both programs." *Roberts v. Colvin*, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

## IV. THE SHIFTING BURDEN OF PROOF.

The Act places the burden of establishing disability on the claimant. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance benefits, a claimant "must show that he was disabled on or before the last day of his insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). SSI benefits are dependent on proof of disability and indigence, and a claimant can receive SSI payments once he applies to the program, no matter how long he has been disabled. *Torres v. Colvin*, No. 4:13-cv-2571, 2014 WL 4064002, at *6 (S.D. Tex. Aug. 15, 2014) (citing 42 U.S.C. §§ 1382a, c(a)(3), *Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999), and 20 C.F.R. § 416.335).

Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## V. COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises one issue: whether the ALJ failed to properly evaluate the medical opinion of Nurse Practitioner Keyana Collins, APRN. ECF No. 9.

Commissioner responds that the ALJ's RFC determination is supported by substantial evidence. ECF No. 13. The Court finds that the ALJ properly evaluated NP Collins' medical opinion.

The RFC[6] determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)). When making the RFC determination, the ALJ must consider all medical opinions contained in the record. 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to give the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

For claims filed on or after March 27, 2017, like the instant case, the Social Security Administration requires ALJs to explain how they evaluate a medical

[6] "[T]he RFC is defined as the most that a person can still do despite recognized limitations." *Winston v. Berryhill*, No. 3:16-CV-419-BH, 2017 WL 1196861, at *13 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018) (citing 20 C.F.R. § 404.1545(a)(1) (2003)). "An individual's RFC should be based on all of the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources." *Id.* (citing 20 C.F.R. § 404.1545(a)(3) (2012); SSR 96-8p, 1996 WL 374184, at *1); *see also Esser v. Saul*, No. 2:21-CV-00045, 2021 WL 9569834, at *5 (S.D. Tex. Dec. 14, 2021), *adopted sub nom. Esser v. Kijkazi*, No. 2:21-CV-00045, 2022 WL 4596310 (S.D. Tex. Sept. 30, 2022).

opinion's persuasiveness. *See Johnson v. Kijakazi*, No. 4:20-CV-04271, 2022 WL 3588042, at *3 (S.D. Tex. Aug. 22, 2022) (citing *Shugart v. Kijakazi*, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c)). "In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) 'other factors that tend to support or contradict' the opinion." *Id.* (citing *Shugart*, 2022 WL 912777, at *3 (citing and quoting 20 C.F.R. § 404.1520c(c))). "Among those factors, the most important are supportability and consistency." *Id.* (citing *Shugart*, 2022 WL 912777, at *3 (citing § 404.1520(c)(b)(2))).

"The supportability and consistency factors involve different analyses and require the ALJ to explain his reasoning for his persuasiveness finding with respect to each factor." *Rai R. v. Kijakazi*, No. 4:21-CV-2270, 2022 WL 4450487, at *4 (S.D. Tex. Sept. 23, 2022) (citing *Kilby v. Kijakazi*, No. 4:20-cv-03035, 2022 WL 1797043, at *3 (S.D. Tex. Mar. 15, 2022)). "With respect to 'supportability,' 'the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations *presented by the medical source* increase,' and consistency is 'an all-encompassing inquiry focused on how well a medical source is supported, or not supported, *by the entire record*.'" *Id.* (emphasis in original) (quoting *Luckett v. Kijakazi*, No. 4:20-CV-04002, 2021 WL 5545233, at *4 (S.D.

Tex. Nov. 26, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 404.920c(c)(1)) (quoting *Vellone v. Saul*, 1:20-cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)))).

"'[T]he ALJ's assessment and articulation of consistency and supportability must be read in full context of the RFC findings,' not in isolation." *Samuels v. Kijakazi*, No. 3:22-CV-00198, 2023 WL 2774460, at *5 (S.D. Tex. Apr. 4, 2023) (quoting *Teixeira v. Comm'r, SSA*, No. 421CV00003SDJCAN, 2022 WL 3130859, at *9 n.15 (E.D. Tex. July 12, 2022), *adopted*, No. 4:21-CV-3, 2022 WL 3107856 (E.D. Tex. Aug. 4, 2022)); *see also Gonzales v. Kijakazi*, No. 4:20-CV-00270, 2021 WL 3777181, at *3 (S.D. Tex. Aug. 3, 2021); *Ray v. Comm'r of Soc. Sec.*, No. 4:21-cv-1709, 2022 WL 3566844, at *4 (S.D. Tex. Aug. 17, 2022).

NP Collins is a nurse practitioner with an advanced nursing degree who has worked in psychiatry for the past three years and many different fields throughout her career. R. 563, 565 ("Skilled in psychiatry diagnosis and treatment, family medicine diagnosis and treatment, inpatient and outpatient care, case management, telemedicine, telepsychiatry, tele-urgent care, skilled nursing facility care, community care, and managed care."). NP Collins evaluated Plaintiff's medical records but did not examine Plaintiff. R. 563. NP Collins stated that the reviewed medical records support the diagnoses of severe osteoarthritis in the right knee and osteoarthritis in the lumbar spine with back pain. R. 563. NP Collins summarized

her findings on each provided medical record's imaging in 4F, 5F, and 6F and concluded:

> Based on these conditions, it is my medical opinion that the record does support a need for a sit/stand option while working, where the individual would be required to sit for 10 minutes after 30 minutes of standing and stand for 10 minutes after 30 minutes of sitting. The claimant is noted to on imaging of the bilateral knees to have severe osteoarthrosis. In addition, the claimant is noted to have large tricompartmental marginal osteophytes in the right knee. She is noted to have low back pain with osteoarthritis and decreased range of motion. Considering those findings, it is reasonable that the claimant would be required to have need to sit/stand options as noted above while working.

R. 563.

After an extensive discussion of Plaintiff's symptoms, hearing testimony, and medical history and the other medical opinions in the record, the ALJ summarized NP Collins's opinion and found it to be unpersuasive because:

> it is an overstatement of the claimant's limitations. It is inconsistent with the findings discussed above of normal motor strength in all extremities, full range of motion in the spine and all four extremities, intact deep tendon reflexes, intact sensation, negative straight leg raising, non-tender back and neck, largely normal gait, normal ability to sit and squat, and normal lumbar curvature at Exhibits 7F and 9F. It is true that the claimant has moderate tricompartmental osteoarthritis of the right knee at Exhibit 4F/2; the marked osteopenia with severe joint space narrowing and moderate effusion in bilateral knee at Exhibit 5F pp. 7-9, mild osteoarthritis of the hip with osteoarthritic change in lower lumbar spine at 4F pp. 11-12, osteoarthritic changes at Exhibit 4F/31, and multilevel degenerative changes in the lumbar X-ray imaging at Exhibits 7F and 9F. However, *from a functional standpoint*, her normal physical exam findings at Exhibit 10F, as well as minimal orthopedic and pain management treatment since 2021, her normal activities of daily living at Exhibits 7F and 9F, her mild to moderate findings of the

> cervical spine at Exhibit 8F, along with the claimant's failure to take pain medication on a regular basis show that the impairments are not as limiting as the source indicated at Exhibit 14F. Finally, that nursing opinion is also inconsistent with the state agency physician medical consultants' findings based on their reviews of the substantial record available to them at that time. Finally, the undersigned notes that even if the medical opinion at Exhibit 14F was found to be persuasive regarding the stand/sit option, this technically would have limited the claimant to sedentary and would not have precluded the claimant from performing the sedentary past relevant work.

R. 36.

The ALJ properly evaluated NP Collins' opinion. As shown above, the ALJ utilized the consistency and supportability factors to explain why he found her opinion unpersuasive. R. 27. Contrary to Plaintiff's argument, the ALJ noted that the records reviewed by NP Collins do demonstrate that Plaintiff has moderate tricompartmental osteoarthritis of the right knee, marked osteopenia with severe joint space narrowing and moderate effusion in bilateral knee, mild osteoarthritis of the hip with osteoarthritic change in lower lumbar spine, osteoarthritic changes, and multilevel degenerative changes in the lumbar X-ray imaging, as NP Collins assessed—so the opinion is internally supported. But, then the ALJ pointed out that the rest of the record—that NP Collins did not review—shows that Plaintiff's impairments are not as severe as NP Collins assessed. The ALJ pointed to state agency physician medical consultants' opinions that conflicted with NP Collins,[7]

---

[7] Earlier in the decision, the ALJ addressed the SAMCs' opinions that Plaintiff was capable of light work with frequent climbing, kneeling, crouching, and crawling. R. 35. The ALJ found these

"normal physical exam findings at Exhibit 10F, as well as minimal orthopedic and pain management treatment since 2021, her normal activities of daily living[8] at Exhibits 7F and 9F, her mild to moderate findings of the cervical spine at Exhibit 8F, along with the claimant's failure to take pain medication on a regular basis." R. 36. The ALJ also pointed out that NP Collins' opinion was inconsistent with the record findings "of normal motor strength in all extremities, full range of motion in the spine and all four extremities, intact deep tendon reflexes, intact sensation, negative straight leg raising, non-tender back and neck, largely normal gait, normal ability to sit and squat, and normal lumbar curvature." R. 36. This analysis is precisely what the consistency and supportability factors address—the ALJ delineated where NP Collins' opinion was internally and externally consistent or inconsistent, supported or unsupported. *See Rai R.*, 2022 WL 4450487, at *4; *see also Claudio v. Comm'r of Soc. Sec.*, No. 4:23-CV-108-BP, 2023 WL 4748218, at *6 (N.D. Tex. July 25, 2023) (finding no error with ALJ's assessment of medical opinion as unpersuasive based on the plaintiff's daily activities and conservative treatment history).

---

opinions mostly persuasive because they were consistent with the medical record, normal physical examinations, and Plaintiff's reported daily activities. R. 35.

[8] Earlier in the decision, the ALJ noted Plaintiff's significant daily activities of "cleaning her apartment, sweeping, mopping, doing laundry, cooking meals daily, watching television, visiting with her mother and brother, attending her personal care without any difficulty, taking out garbage, checking her mails, driving a car, shopping online and in stores, and crocheting occasionally." R. 35.

By considering how NP Collins' opinion that Plaintiff needed to sit for 10 minutes after 30 minutes of standing and stand for 10 minutes after 30 minutes of sitting was (un)supported by and (in)consistent with the treatment record, the state agency physician medical consultants' opinions, and Plaintiff's daily routines and failure to take pain medication, the ALJ adequately discussed the supportability and consistency of NP Collins's opinion. *See Lara v. Kijakazi*, No. 3:21-CV-1032-L-BH, 2022 WL 4486085, at *17 (N.D. Tex. Aug. 29, 2022), *adopted*, No. 3:21-CV-1032-L-BH, 2022 WL 4485826 (N.D. Tex. Sept. 27, 2022) (citing *Dominick S.*, 2022 WL 2874705, at *4 (finding ALJ satisfied the required discussion because his "narrative explanation" described plaintiff's moderate mental limitation as supported by and consistent with plaintiff's own reports, other evidence of his poor ability to concentrate and focus, "essentially normal mental status examinations" and similar SAMC opinions); *Raymond S. v. Kijakazi*, No. 3:20-CV-01773-N-BT, 2021 WL 6335203, at *4-5 (N.D. Tex. Dec. 7, 2021), *adopted*, No. 3:20-CV-01773-N-BT, 2022 WL 79845 (N.D. Tex. Jan. 7, 2022) (finding the ALJ committed no error in not giving [consultative examiner]'s opinion more weight because its findings were not consistent with the record even if the opinion was supported by observations during her evaluation))).[9]

[9] Plaintiff's arguments largely ask the Court to reweigh the evidence, which it cannot do. *See Donald S. v. Kijakazi*, No. 1:22-CV-00076-BU, 2023 WL 2064717, at *7 (N.D. Tex. Feb. 16, 2023) ("Plaintiff's recitation of Dr. Holly's report seeking to show the ways in which it was

Accordingly, Plaintiff has failed to demonstrate that the decision of the ALJ should be disturbed.

## V. CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 8, is **DENIED**. Commissioner's motion for summary judgment, ECF No. 13, is **GRANTED**. The ALJ's decision denying benefits is **AFFIRMED**.

Signed at Houston, Texas, on August 18, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

detailed and supported by the record, is an attempt to have the Court erroneously reweigh the evidence."). The ALJ was only required to explain why he found NP Collins's opinion inconsistent and unsupported, which he did.; *Kraft v. Kijakazi*, No. CV 20-2687, 2021 WL 6689777, at *12 (E.D. La. Oct. 26, 2021), *adopted sub nom. Kraft v. Saul*, No. CV 20-2687, 2022 WL 204569 (E.D. La. Jan. 24, 2022) ("even where other conclusions are possible, the ALJ's decision must be upheld where it is supported by substantial evidence.").